IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | CRIMINAL ACTION NO. |
| v.        ) | 2:21cr190-MHT |
| ) | (WO) |
| JAMAL ANTHONY THOMAS    ) | |

ORDER

Having received the presentence report specified in 18 U.S.C. § 3552(a), the court requires additional information before determining the sentence that should be imposed in this case. In such circumstances, 18 U.S.C. § 3552(b) permits a sentencing court to order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing a sentence. 18 U.S.C. § 3552(b); *see also* 18 U.S.C. § 3553(a).

In this case, the court has already decided that defendant Jamal Anthony Thomas will receive a sentence of either probation or time-served plus a term of

supervised release, primarily due to the need to avoid sentencing disparities between similarly situated defendants in this case.  *See* 18 U.S.C. § 3553(a)(6).  However, the court requires additional information about Thomas's mental condition for purposes of determining what mental-health treatment, if any, he should receive as a condition of probation or supervised release.  The court seeks a comprehensive mental-health evaluation addressing all aspects of his mental condition.  The evaluation should also look at whether he experienced adverse childhood experiences and/or adult trauma, and how, if at all, this has impacted his current functioning and mental health.  The court will order that a comprehensive evaluation be conducted locally by Catherine Boyer, Ph.D., of Auburn, Alabama.

To determine the sentence appropriate to a particular defendant, 18 U.S.C. § 3553(a) requires a court to consider the factors set forth in that

statutory section. Here, the most relevant section is § 3553(a)(2), which requires the court to consider in determining the sentence "the need for the sentence imposed ... to protect the public from further crimes of the defendant ... and ... to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner." An evaluation of a defendant's particular treatment needs and the underlying causes of such individual's mental condition may be necessary for the court to consider how it can provide the defendant with critical care and treatment in the most effective manner. In addition, by providing treatment for any mental conditions the defendant may have, the court can help ensure that its sentence "protect[s] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Dr. Boyer should consider all of these factors in making the recommendations included in her report.

***
3

Accordingly, pursuant to 18 U.S.C. § 3552(b) and (c), it is ORDERED that:

(1) A comprehensive mental-health evaluation of defendant Jamal Anthony Thomas shall be conducted locally by Catherine Boyer, Ph.D., Clinical Psychologists, P.C., (334) 821-3350, 248 East Glenn Avenue, Auburn, AL 36830.  This evaluation should describe defendant Thomas's history and present symptoms, any psychological tests used and their results, and the findings and opinions as to diagnosis and prognosis.  As set forth above, the evaluation should include specific consideration of defendant Thomas's history of ACEs and adult trauma, if any, and whether treatment is recommended to address the sequelae of such experiences.  Dr. Boyer should also provide specific recommendations for appropriate treatment, including particular treatment programs and treatment approaches, to address any problems identified by the evaluation.  The recommendations

4

should be tailored to known treatment providers and programs in the Montgomery, Alabama area, to the extent possible.

(2) The U.S. Probation Office shall provide a copy of this order, the presentence investigation report (and addendum), and the defense sentencing memorandum to Dr. Boyer, and shall provide other documents regarding defendant Thomas upon request. The U.S. Probation Office shall inform Dr. Boyer how to arrange for the evaluation of defendant Thomas, and, if she faces difficulty in making such arrangements, shall facilitate arrangements for the evaluation. The probation office and Dr. Boyer may obtain assistance from defense counsel, Virgil Cornelius Ford, in arranging the evaluation.

(3) Dr. Boyer shall provide a report of the evaluation to the U.S. Probation Office on or before May 26, 2022, for filing with the court under seal. If Dr. Boyer requires additional time, she should make a

5

written request to the court through the U.S. Probation Office.

    (4) Upon completion of the evaluation, Dr. Boyer shall submit her bill to the U.S. Probation Office for processing.

    DONE, this the 24th day of March, 2022.

                                   /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**